IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN ELAIHOR, <br><br> Plaintiff, <br><br> v. <br><br> PRIMERICA LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No. 22-cv-5489 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Elaihor brings this action against Defendant Primerica Life Insurance Company to enforce of the terms of a life insurance policy of which Elaihor is the beneficiary. Defendant moves to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, Defendant's Motion to Dismiss [14] is granted.

**I. Background**

The following factual allegations taken from the operative complaint (Dkt. 1-1) are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

On January 14, 2004, Defendant, Primerica Life Insurance Company ("Primerica") issued a life insurance policy to Augustina Elaihor by which it promised to pay a total sum of $225,000 to her beneficiaries. Dkt. 1-1 at ¶ 5. At the time of Augustina's death, Plaintiff John Elaihor ("Plaintiff") was Augustina's son and second beneficiary. *Id.* at ¶ 12. He and Osaretin Elaihor, the other beneficiary, were

1

to receive equal 50/50 percent shares of the beneficial amount. *Id.* at ¶ 5. That meant Plaintiff would receive $112,500. *Id.* at ¶ 7.

On April 6, 2021, while the policy was in full force and effect, Augustina died at Loyola Hospital in Chicago. *Id.* at ¶ 8. Under the terms of the contract, Primerica agreed to

> "pay the Face Amount in a lump sum, to the Beneficiary upon receiving due proof that the insured died before the Expiry Date and while this Policy was in force." Dkt. 1-1 at 32.[1]

After Augustina's death, her husband Augustin and son Osaretin notified Primerica of Augustina's death. *Id.* at ¶ 9. Primerica then fully paid Osaretin his share and issued a check to Plaintiff for his share that was personally received from Primerica's Reginal Vice President by Christiana Obilor, on his behalf. *Id.* at ¶¶ 11, 14. As Plaintiff had never visited the United States, Ms. Obilor travelled to Nigeria to deliver the check to him. *Id.* at ¶¶ 15, 19.

Upon receiving the check in Nigeria, Plaintiff tried but was unable to cash it, as the banks in Nigeria did not accept foreign checks. *Id.* at ¶ 16. Plaintiff communicated with Primerica about his inability to cash this check. *Id.* at ¶ 17.[2] Subsequently, Primerica issued a second, replacement check in the same amount of $112,500. *Id.* at ¶ 18. Primerica caused the check to be mailed to *John O. Elaihor* at 6257 N. California Avenue in Chicago. *Id.* Plaintiff *John Elaihor* has never resided at that address. *Id.*

---

[1] The First Amended Complaint attaches the full terms of the life insurance contract amongst other material relevant to the Complaint. These are considered part of the Complaint under Fed. R. Civ. P. 10(c).

[2] Primerica acknowledges that it stopped payment on the first check when it issued the second check. Dkt. 15 at 6, n.3.

2

at ¶ 19. Plaintiff still has not received the replacement check and the benefits from his mother's life insurance policy. *Id.* at ¶ 20.

In March 2022, Plaintiff filed suit in state court against "Primerica" but then filed an amended complaint on September 12, 2022 naming "Primerica Life Insurance Company" as the defendant. Dkt. 1 at ¶¶ 1, 5. Primerica timely filed a notice of removal to federal district court on the basis of diversity jurisdiction under 29 U.S.C. § 1332. *Id.* at ¶ 8. Primerica then moved to dismiss Plaintiff's complaint.

**II. Standard**

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to

3

be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III. Analysis

#### A. Plaintiff has not stated a claim

Primerica argues that Plaintiff has failed to identify any legal claim for relief. Primerica also argues that to the extent that Plaintiff is alleging breach of contract, he has not properly pled that claim as Primerica's contractual obligations are either suspended or discharged. In response, Plaintiff counters that Primerica failed to satisfy the terms of the policy by sending the check to someone else and requests that the Court enforce the life insurance policy. The Court agrees with Primerica that dismissal of this case is warranted.

Primerica first contends that Plaintiff's complaint fails to identify the claim he intends to assert. Dkt. 15 at 4. As Primerica acknowledges, the Federal Rules do not require pleading specific legal theories in counts. *Id.*; *See e.g. Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (explaining that a complaint need not plead legal theories). Rather under the Federal Rules a complaint must contain a "short and

4

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "claim for relief" is a "grievance"—a statement of events or a general set of facts that entitle the plaintiff to damages. *See Johnson v, City of Shelby, Miss.*, 574 U.S. 10, 12 (2014); *ACF 2006 Corp. v. Mark C. Ladendorf, Attorney at Law, P.C.*, 826 F.3d 976, 981 (7th Cir. 2016); *see also Salem v. Larkin*, No. 20-CV-06531, 2022 WL 17176496, at *2 (N.D. Ill. Nov. 23, 2022) ("A claim is the aggregate of operative facts which give rise to a right enforceable in the courts.") (quotation omitted).

Here, Plaintiff seeks to enforce a life insurance policy. Although Plaintiff need not articulate legal theories, his complaint must contain "factual allegations that state a plausible claim for relief." *BBL, Inc., v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015).

Plaintiff concedes that Primerica is not in breach of contract— admitting "that the defendant [Primerica] has not breached the terms of the life insurance policy it entered with his late mother." Dkt. 17 at 3, 5. Nevertheless Plaintiff maintains he has a claim for Primerica's conduct in "wrongfully and negligently mail[ing] [the replacement check] to an address in Chicago," knowing it was not Plaintiff's address. *Id*. at 5. Although he did not claim negligence in his complaint [1-1], his response indicates he may believe he has a negligence claim against Primerica. However, he does not cite any authority to support such a claim in a case like this. *See Shipley v. Chicago Bd. of Election Commissioners*, 947 F.3d 1056, 1063 (7th Cir. 2020) ("Arguments that are underdeveloped, cursory, and lack supporting authority are waived."). And as Primerica argues, such a claim is barred by the economic loss

doctrine. *See Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 693 (7th Cir. 2011) ("the economic loss doctrine … bars tort recovery for purely economic losses based on failure to perform contractual obligations.").

In this case Primerica issued two checks. It is undisputed that Primerica issued the first check to Plaintiff. And even though Plaintiff was unable to cash that check, under the plain language of the contract, Primerica issued the check to Plaintiff, fulfilling the terms of the policy. Indeed there is no language in the contract detailing a particular method of payment or verification of receipt of funds. *See Kasongo v. Am. Gen. Life Ins. Co.*, 479 F. Supp.3d 754, 758 (N.D. Ill. 2020) (granting motion to dismiss and finding that plaintiff failed to plead breach of contract based on its plain language where there were no provisions for risk of loss or specified methods of payment.).

As Primerica argues, the Illinois Uniform Commercial Code ("UCC") precludes recovery in this case.[3] According to Section 3-310 of the Code, governing checks, when an uncertified check is taken for an obligation of the drawer, the underlying obligation is suspended until the check is ether paid or dishonored. 810 ILCS 5/3-310. If the check is paid, then the contractual obligation is discharged; if the check is dishonored, then the contractual obligation is breached. *Id*.

Primerica cites *Kasongo* as well as *Parkway Bank & Tr. Co. v. State Farm Fire & Cas. Co.*, 371 Ill. Dec. 824, 990 N.E.2d 1202, 1203 (Ill. App. Ct. 2013) and *Affiliated Health Grp. Ltd. v. Devon Bank*, 58 N.E.3d 772, 774 (Ill. App. Ct. 2016) to support its position that its contractual obligation is discharged or at least suspended. Primerica

---

[3] There is no dispute that the UCC applies in this case.

argues that the first check was neither paid nor dishonored, so its obligation as to that check is suspended. As for the second check, its obligation was discharged as the check was cashed on July 7, 2021. Dkt. 1-1 at 31.

Plaintiff attempts to distinguish Primerica's cases by arguing that Primerica negligently mailed the check to the wrong person. Plaintiff contends that Illinois law is "not entirely clear on when a forged check is considered 'paid'" [17 at 13]. But as the *Kasongo* court made it clear, "where a third-party forger steals an insurance check, a plaintiff is generally not allowed to recover from the insurance company." *Kasongo,* 479 F. Supp. 2d at 761.[4]

For these reasons, even "construing the complaint in the light most favorable to the plaintiff," *Lax*, 20 F.4th at 1181, Plaintiff has failed to state a claim. His complaint is dismissed.

### B. Dismissal with prejudice

Defendant seeks dismissal of Plaintiff's complaint with prejudice. Plaintiff does not explain how he would cure the complaint through an amendment. *See Haywood*, 887 F.3d at 335 (explaining that "[n]othing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects."). The Court finds any amendment under these facts would be futile under Fed. R. Civ. P. 15 and therefore dismisses with prejudice.

---

[4] Similarly in *Thirteen Inv. Co., Inc. v. Foremost Ins. Co., Grand Rapids, Michigan*, although that case was decided on summary judgment, the court reiterated that "the risk of a forged endorsement is on the payee or the bank that negotiated the instrument." No. 19 C 4630, 2022 WL 2064843, at *2 (N.D. Ill. June 8, 2022), aff'd, 67 F.4th 389 (7th Cir. 2023).

## IV. Conclusion

For the stated reasons, Defendant's Motion to Dismiss [14] is granted. The complaint is dismissed with prejudice, and the case is terminated.

E N T E R:

Dated: June 12, 2023

MARY M. ROWLAND
United States District Judge